USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIZETTE MARTINEZ,

                Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner Of
Social Security,

                Defendant.

No. 16-CV-2069 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On March 16, 2016, Plaintiff Lizette Martinez, proceeding *pro se*, filed a complaint appealing the decision of the Commissioner of Social Security to deny her supplemental security income and disability insurance benefits. On August 31, 2016, Plaintiff also wrote the Court a letter underscoring her "constant pain" and her "fibromyalgia," among other conditions. *See* Dkt. 14. The case was referred to Magistrate Judge Peck for a report and recommendation, who issued one (the "Report") on October 4, 2016 recommending that the Commissioner's motion for judgment on the pleadings be granted. *See* Dkt. 15. On October 24, 2016, Plaintiff wrote to the Court again, asking it to consider new post-denial medical records. *See* Dkt. 16. The Court construes the letter as raising objections to the Report. The government did not respond. For the reasons stated below, in light of the new medical records, the Court denies the motion for judgment on the pleadings and remands this case for further administrative proceedings.[1]

---

[1] The Court assumes the parties' familiarity with the facts, which are reiterated below only to the extent relevant to the Court's analysis.

1

I. **Legal Standard for District Court Review of a Report & Recommendation**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "However, when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error." *Brown v. Colvin*, 73 F. Supp. 3d 193, 197 (S.D.N.Y. 2014). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Hunter v. Lee*, No. 13-CV-5880 (PAE), 2016 WL 5942311, at *1 (S.D.N.Y. Oct. 11, 2016) (internal quotation omitted).

"Objections of parties appearing *pro se* are 'generally accorded leniency' and construed to 'raise the strongest arguments that they suggest.'" *Mack v. Lavalley*, No. 13-CV-8194 (GHW), 2016 WL 3077877, at *1 (S.D.N.Y. May 31, 2016) (internal quotation omitted). Even *pro se* objections, however, "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Sers.*, No. 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (S.D.N.Y. 1992)).

**II. Discussion**

In her objections, which the Court construes to raise the strongest possible arguments, Plaintiff contends that her "new records" demonstrate that she is "not able to work." Dkt. 16 at 1.

She explains that in 2013, when she applied for benefits, the doctors were still "trying to find out what was actually wrong with [her]" and that the new records "now should show . . . all of [her] problems." *Id.* Those problems, Plaintiff states, include "[f]ibromyalgia, chronic back pain, ulcers on my feet and also chronic diabetes," as well as "[s]pinal stenosis." *Id.* In her August 31, 2016 letter, Plaintiff told the Court that she had never had the chance to fully explain her "constant pain," "fibromyalgia," and "carpal tunnel on both hands." Dkt. 14. Plaintiff attaches seven pages of medical records to her objections and asks the Court to also consider the records that she gave "to the Pro Se Office in March 2016," Dkt. 16, referring to the approximately 236 pages of medical records that she attached to her complaint, *see* Dkt 2.

The Social Security Act provides that a court may order an administrative remand to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Second Circuit has explained that a "triple standard" must be met:

> [A]n appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier.

*Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (citations and quotation marks omitted).

"[M]edical evidence generated after an ALJ's decision [cannot] be deemed irrelevant solely because of timing . . . ." *Williams v. Comm'r of Soc. Sec.*, 236 F. App'x 641, 644 (2d Cir. 2007). Such evidence may be relevant if it "disclose[s] the severity and continuity of impairments existing [during the relevant period] or may identify additional impairments which could

3

reasonably be presumed to have been present . . . ." *Pollard v. Halter*, 377 F.3d 183, 193-94 (2d Cir. 2004) (quotation marks omitted).

### A. Fibromyalgia

Here, the new medical evidence regarding Plaintiff's fibromyalgia—consisting of the records attached to her complaint and to her objections—satisfies this triple standard. Those records contain numerous references to Plaintiff's "[f]ibromyalgia affecting multiple sites" and the extensive pain associated with the condition despite her efforts to alleviate it. *See, e.g.*, Dkt. 2-1 at 11, 35; Dkt. 2-2 at 9, 13, 27, 29, 53, 55–56, 71; Dkt. 2-3 at 22, 31, 57; Dkt. 16 at 6. The records explicitly link her knee pain to her "known fibromyalgia" Dkt. 2-1. at 44, and report that the pain is "constant" and "occasionally so severe she feels she cannot get out of bed," Dkt. 2-2 at 7. There is at least one note of discord on whether fibromyalgia is the proper diagnosis for Plaintiff's pain, but it predates the other records, which appear to discuss fibromyalgia with more confidence. *See* Dkt. 2-3 at 30, 47.

The evidence discussing fibromyalgia is new. The administrative review process dealt with Plaintiff's back and knee disorders, along with her Type I diabetes, *see* Dkt. 10 at 14–21, but the records that discuss fibromyalgia all post-date the November 3, 2014 denial of Plaintiff's disability claim. When Plaintiff claimed fibromyalgia in her complaint based on the post-denial medical records, the government did not respond to that new evidence, and instead based its opposition solely on the existing administrative review. The Report similarly confines itself to the administrative record and did not address the new evidence of fibromyalgia, or whether to consider it. The records pertaining to fibromyalgia could thus cast the pain considered in the administrative record in a considerably new light and would not be merely cumulative.

4

The fibromyalgia evidence is also material. The Second Circuit has found new evidence of fibromyalgia to be especially worthy of further consideration. *See Lisa v. Sec'y of Dep't of Health & Human Servs. of U.S.*, 940 F.2d 40, 44–45 (2d Cir. 1991). In that case, the Court remanded to the district court, with instructions to remand for further administrative review, the disability claim of a plaintiff who presented new evidence of fibromyalgia. *Id.* at 43–44. The Court noted that the government agreed that "fibromyalgia[] is not easily detected by standard clinical tests," and that the fibromyalgia diagnosis may be "helpful as an explanation for [her] symptoms," which included severe pain. *Id.* at 44 (alteration in original). The Court rejected the government's objection that the diagnosis was not material because it did not apply to the relevant insured period, noting that "when, as in this case, a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimant's] condition, evidence of that diagnosis is material and justifies remand." *Id.* (alteration in original) (internal quotation omitted). Furthermore,

> evidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement [*i.e.*, insured status] was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date.

*Id.* (alteration in original) (quoting *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 41–42 (2d Cir. 1972)).

Plaintiff based her disability claim in large part on the pain she says she feels "all day." Dkt. 10 at 9. The new medical evidence discusses this sort of pain symptom in relation to fibromyalgia. *See, e.g.*, Dkt. 2-2 at 7, 13, 27, 53. The evidence of fibromyalgia thus presents a reasonable possibility of influencing the Commissioner to find that Plaintiff "had an impairment substantially more severe than was previously diagnosed." *Lisa*, 940 F.2d at 44.

5

Importantly, the new evidence could also rehabilitate Plaintiff's credibility. In *Lisa*, after the plaintiff claimed disability due to severe pain but a medical examination met with "unremarkable" results, the ALJ found her subjective testimony "not credible." *Id.* at 42. In remanding, the court noted that the new evidence of fibromyalgia could "substantially bolster the credibility of [her] subjective complaints." *Id.* at 44; *see also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) ("[A] growing number of courts, including our own have recognized that fibromyalgia is a disabling impairment and that there are no objective tests which can conclusively confirm the disease." (citation and internal quotation omitted)). Similarly, the ALJ questioned Plaintiff's credibility in part because her subjective symptoms did not appear to fully match the objective medical evidence. *See* Dkt. 10 at 18; Dkt. 13 at 14–15; Dkt. 15 at 25–30. At the very least, the new evidence provides a new ground to reevaluate Plaintiff's credibility, which in turn could affect a determination of the merits of her disability claim. *See Green-Younger*, 335 F.3d at 108–09 (reversing the denial of a disability claim where a diagnosis of fibromyalgia bolstered a plaintiff's credibility that her pain was disabling); *see also Donato v. Sec'y of Health and Human Servs. of U.S.*, 721 F.2d 414, 418–19 (2d Cir. 1983) (holding that if a claimant is found credible, her "subjective pain may not be disregarded" and "may serve as the basis for establishing disability, even if . . . unaccompanied by positive clinical findings or other objective medical evidence" (alteration in original) (internal quotations omitted)).

Plaintiff has established good cause for not including the records in her initial disability claim. "'Good cause' for failing to present evidence in a prior proceeding exists where, as here, the evidence surfaces after the [administrative] final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." *Lisa*, 940 F.2d at 44. In *Lisa*, the government did not contest that good cause existed for the failure to include fibromyalgia

evidence—as noted, fibromyalgia is difficult to detect. *See id.*; *Green-Younger*, 335 F.3d at 108. Plaintiff asserts that, at the time of her claim, the doctors were still trying to hone their diagnosis. *See* Dkt. 16 at 1. Indeed, there are several references in the administrative record to Plaintiff's pain possibly being "idiopathic," *i.e.*, of unknown cause or origin. *See, e.g.*, Dkt. 10-5 at 4, 9. Any delay in diagnosis most plausibly stems from the nature of the disorder and thus good cause exists for not presenting the relevant records earlier.

To be clear, the Court makes no substantive findings as to any of these issues, as that is the proper role of administrative review in the first instance. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); 42 U.S.C. § 405(g). But the materiality of the new fibromyalgia evidence, including its possible relation to Plaintiff's credibility, requires that it be considered in the adjudication of Plaintiff's disability claim. On remand, further administrative proceedings must consider as material new evidence the records attached to Plaintiff's complaint and her October 24, 2016 objections, and should make efforts to obtain and review any similarly material records from Plaintiff's subsequent medical history.[2] Additionally, as per Plaintiff's request, Dkt. 16 at 1, in light of the new evidence and Plaintiff's *pro se* status, she should be allowed to submit for review a completed disability questionnaire from her primary doctor, as her orthopedic surgeon did not complete the entire form, Dkt. 10-9 at 2–8.

## CONCLUSION

For the reasons stated above, Defendant's motion for judgment on the pleadings is denied and the case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion. The Clerk of Court is respectfully directed to terminate docket entry 12, and to

---

[2] The records, for instance, show that Plaintiff had at least five more medical appointments scheduled after her last documented doctor's visit. *See* Dkt. 16 at 7–8.

enter judgment, *see Shalala v. Schaefer*, 509 U.S. 292 (1993).

SO ORDERED.

Dated:  March 30, 2018
        New York, New York

_____
Ronnie Abrams
United States District Judge